UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MACTEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BECHTEL JACOBS COMPANY, LLC,<br><br>Defendant. | No.: 3:05-CV-00340<br>(Phillips/Shirley) |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Bechtel Jacobs Company, LLC ("BJC") respectfully moves this Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings as to Counts II and III of the First Amended Complaint. In support of this motion, BJC states as follows:

1. In order to survive a motion for judgment on the pleadings, Plaintiff must set forth in its complaint either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Counts II and III fail to meet this standard.

2. MACTEC alleges the existence of a valid, enforceable contract in its Amended Complaint, and, specifically, breach thereof in Count I. By pleading the existence of an express contract by and between the parties to this action, and without, in the alternative, pleading any grounds for the invalidity, unenforceability or rescission thereof, MACTEC fails to set forth viable theories for the purely

equitable relief sought in Count II (Quantum Meruit) and Count III (Unjust Enrichment). As a matter of law, BJC is entitled to judgment on the pleadings for these two counts.

WHEREFORE, BJC respectfully requests that this Court grant BJC judgment for Count II and Count III and award such other further relief as the Court deems just and proper.

Respectfully submitted,

/s/Beverly D. Nelms
(BPR No. 16055)
**Frantz, McConnell & Seymour, LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321

/s/Andrew D. Ness
Thelen Reid Brown Raysman & Steiner LLP
701 Eighth Street, NW
Washington, DC 200001
(202) 508-4368

Date: April 30, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MACTEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BECHTEL JACOBS COMPANY, LLC,<br><br>Defendant. | No.: 3:05-CV-00340<br>(Phillips/Shirley) |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Bechtel Jacobs Company, LLC ("BJC") respectfully submits this Memorandum in support of its Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

BJC contracted with the United States Department of Energy ("DOE") to manage what is known as the "Melton Valley Closure Project." Melton Valley is a section of DOE's Oak Ridge National Laboratory facility, beneath which a variety of radioactive and other waste materials generated by certain activities at Oak Ridge and other DOE facilities were buried or otherwise stored, beginning in the 1950s through the 1970s. Remediation of the several waste disposal and waste storage areas within Melton Valley required a variety of actions: excavating and removing contaminated soils and sediments,

removing above- and below-ground tanks, removing buried waste, plugging and abandoning wells, plus designing and constructing the hydrologic isolation of several solid waste storage areas. Pursuant to a written contract entered into between BJC and Plaintiff MACTEC, effective as of September 8, 2000, MACTEC agreed to perform a portion of this remedial work. Specifically, pursuant to its subcontract with BJC, MACTEC was to design and construct the hydrologic isolation of Solid Waste Storage Area 4 ("SWSA 4") within the Melton Valley watershed, including diverting upgradient groundwater and surface water, collecting and treating downgradient groundwater and constructing a multi-layered cap over SWSA 4 and associated areas. The existence and enforceability of the contract are undisputed.

Nonetheless, in addition to Count I (Breach of Contract)—which references the General Allegations of the First Amended Complaint (¶¶ 8 through 31) as descriptive of the various purported breaches of the Subcontract entitling it to relief—Plaintiff MACTEC also asserts, on the basis of these same allegations, Count II (Quantum Meruit) and Count III (Unjust Enrichment). Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, BJC moves for judgment on the pleadings with respect to these two equitable claims on the ground that neither asserts viable claims for relief as a matter of law. As a result, BJC is entitled to judgment on the pleadings.

## ARGUMENT

**I. To withstand this Motion for Judgment on the Pleadings, the First Amended Complaint must be determined to allege distinct, cognizable claims.**

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure. *See Ketron v. Chattanooga-Hamilton County Hosp. Auth.*, 919 F. Supp. 280, 282 (E.D. Tenn. 1996); *Person v. Progressive Logistics Servs. LLC*, 418 F. Supp.2d 1006, 1009 (E.D. Tenn. 2006). A motion under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted). The standard for dismissal under Rule 12(b)(6) requires a court to take all factual allegations in the complaint as true, and "the claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* A court, however, does not have to accept legal conclusions or unwarranted factual inferences as true. *See Person*, 418 F. Supp.2d at 1009. Moreover, in order to survive a motion to dismiss, the complaint "must contain either *direct or inferential allegations* respecting *all the material elements* to sustain recovery under some *viable legal theory*." *Scheid*, 859 F.2d at 436 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (emphasis added)).

MACTEC's First Amended Complaint fails to meet this standard with respect to Count II (Quantum Meruit) and Count III (Unjust Enrichment). Plaintiff MACTEC does not allege a material element to sustain recovery under these two equitable theories pursued: the absence of a valid, enforceable contract between the litigants. Even were all

of the factual allegations in the First Amended Complaint taken as true, MACTEC is not entitled to relief for Counts II and III as a matter of law.

## II. MACTEC exclusively has pled the existence of a contract, thereby precluding equitable relief under quantum meruit or unjust enrichment theories.

Count II seeks relief on the basis of Quantum Meruit and Count III seeks relief based on Unjust Enrichment. (First Amended Complaint, ¶¶ 36-44.) As an initial matter, pleading these theories in two separate counts is duplicative because quantum meruit and unjust enrichment under Tennessee law are simply two different names for the same theory of recovery. *See Thompson v. American Gen. Life and Accident Ins. Co.*, 404 F. Supp.2d 1023, 1029 (M.D. Tenn. 2005) (observing that unjust enrichment is also known as quantum meruit or implied contract).

It is well established as a matter of applicable Tennessee law (consistent with the law in most jurisdictions) that relief may be granted under the theory of quantum meruit/unjust enrichment only when there is no express contract covering the same subject matter, or the express contract has become unenforceable or invalid. *See Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998).

In *Jaffe v. Bolton*, 817 S.W.2d 19 (Tenn. Ct. App. 1991), this issue arose in a dispute between a landlord and tenant for past-due rent, where the trial court set off the value of improvements by the tenant against rent owed to the landlord. The lease contained a term specifically providing that all permanent improvements to the property would become the property of the landlord at the termination of the lease, without compensation to the tenant. *See id.* at 26. Despite the existence of that contract, the

tenant argued on appeal that the trial court's set-off for the value of the improvements was appropriate based on the theory of unjust enrichment. *See id.* at 23-24. The Court of Appeals disagreed, holding that the tenant was not entitled to a set-off on the theory of unjust enrichment, because of the existence of the lease, an express contract covering the same subject matter. As stated by the Tennessee Court of Appeals:

> *[T]he quasi-contractual principle of unjust enrichment does not apply to an agreement deliberately entered into by the parties*.

*Jaffe*, 817 S.W.2d at 26 (emphasis added).

Similarly, in *Fletcher Realty, Inc. v. Hayslope Props.*, 712 S.W.2d 478 (Tenn. Ct. App. 1986), the court denied relief for unpaid real estate commissions on the basis of quantum meruit, because there was an express contract between the parties governing the payment of commissions. *See id.* at 481-82. *Accord City of Rockwood, Tenn. v. IMCO Recycling, Inc.*, 415 F. Supp.2d 853, 857 (E.D. Tenn. 2006); *Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F. Supp.2d 649, 662 (E.D. Tenn. 2004).

As was the case in *Jaffe* and *Fletcher Realty*, the present situation plainly fails to meet the requirements for relief on the basis of quantum meruit/unjust enrichment. MACTEC explicitly alleges the existence of a valid, enforceable contract between BJC and MACTEC throughout the First Amended Complaint, most notably, paragraph three: "*Defendant BJC, as contractor, entered into [the Subcontract] with Plaintiff MACTEC… This action involves disputes arising out of that Subcontract*" (emphasis added).

Moreover, the relief sought in Count II and Count III is the same damages claimed in Count I for breach of the express contract. Most importantly, at no point in the First Amended Complaint does MACTEC allege that the express contract between

the parties is in any respect unenforceable or invalid. MACTEC does not seek rescission of the contract. BJC, for its part, concedes the existence of a valid, enforceable contract between the parties.

## III. CONCLUSION

MACTEC's exclusive allegation of a valid, enforceable, express contract between the parties precludes the claims also alleged for quantum meruit/unjust enrichment as to the same subject matter. Accordingly, MACTEC is not entitled to relief as a matter of law on Counts II and III. Based on the First Amended Complaint itself, these counts simply fail to allege the necessary elements that would entitle MACTEC to relief. Judgment on the pleadings in favor of BJC is therefore appropriate.

Respectfully submitted,

/s/Beverly D. Nelms
(BPR No. 16055)
**Frantz, McConnell & Seymour LLP**
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321

/s/Andrew D. Ness
**Thelen Reid Brown Raysman & Steiner LLP**
701 Eighth Street, NW
Washington, DC 20001
(202) 508-4368

Date: April 30, 2007

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 30, 2007, a copy of the foregoing *Defendant's Motion For Judgment On The Pleading* and *Memorandum In Support Of Defendant's Motion For Judgment On The Pleadings* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

John O. Threadgill
**Threadgill Law Firm PC**
9724 Kingston Pike, Suite 701
P.O. Box 10606
Knoxville, TN 37939-0606

Chad V. Theriot
Brian Corgan
William E. Dorris
**Kilpatrick Stockton LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530

/s/Andrew D. Ness