IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MACTEC, INC.,                          )
        Plaintiff              )
        v.                     )          No. 3:05-cv-340
BECHTEL JACOBS COMPANY, LLC.,          )
        Defendant              )

## MEMORANDUM AND ORDER

This is a diversity breach of contract action in which defendant Bechtel Jacobs Company, LLC. (BJC) entered into a subcontract with plaintiff MACTEC, Inc. (MACTEC), under which MACTEC undertook to design and construct a trench within the Solid Waste Storage Area 4 (SWSA-4) of the Melton Valley Watershed. SWSA-4 is a burial ground for radioactive and other waste produced by the Department of Energy in the Oak Ridge area.

Plaintiff's first amended complaint alleges five counts including breach of contract, *quantum meruit*, unjust enrichment, breach of implied covenant of good

faith and fair dealing, and violation of the Tennessee Prompt Pay Act of 1991, § 66-34-101.  Currently pending is the defendant's motion for judgment on the pleadings with respect to Count II of the complaint (*quantum meruit*) and Count III (unjust enrichment), pursuant to Rule 12(c), Federal Rules of Civil Procedure.  For the reasons that follow, the motion will be denied.

Motions for judgment on the pleadings must satisfy the same standard that applies to motions to dismiss under Rule 12(b)(6).  *Ketron v. Chattanooga - Hamilton County Hospital Authority*, 919 Fed. Supp. 280, 282 (E.D. Tenn. 1996).  As such, courts must construe the complaint in the light most favorable to the plaintiff and all factual allegations in the complaint are accepted as true.  *Id.* at 282.  BJC contends that Counts II and III must be dismissed because Count I alleges the existence of a contract and that at no point does MACTEC allege an element necessary to a *quantum meruit* or unjust enrichment claim;  that is, that there is no existing, enforceable contract between the parties covering the same subject matter.  *See White Haven Community Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998).

Rule 8(e)(2), Federal Rules of Civil Procedure, affords plaintiffs wide latitude in pleading claims in the alternative.  A party may set forth two or more statements of claim alternately, either in one count or in separate counts.  In fact, the

rule expressly states that "when two or more statements are made in the alternative, and one of them made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." *Id.*

Upon a careful review of the amended complaint, the court is of the opinion that plaintiff has properly pled Counts II and III as alternate theories of recovery separate from the breach of contract claim. Specifically, Count II in ¶ 37 of the amended complaint states that the *quantum meruit* claim is pled "in the alternative." A fair reading of the entire complaint supports the inference that plaintiff is pleading that if, for whatever reason, the contract is invalid, then it is nevertheless entitled to recover under a *quantum meruit* or unjust enrichment theory.

Finally, BJC notes that under Tennessee law *quantum meruit* and unjust enrichment are simply two different names for the same theory of recovery and that the counts are therefore duplicative. However, although Tennessee law notes that unjust enrichment and *quantum meruit* are "essentially the same," they are not identical. *Compare White Haven Community Baptist Church*, 973 S.W.2d 592, 596 (Tenn. 1998) *with Swafford v. Harris*, 967 S.W.2d 319 (Tenn. 1998). Accordingly, plaintiff has properly pled both counts.

In light of the foregoing, defendant's motion for judgment on the pleadings [Court File #64] is hereby DENIED.

**E N T E R :**

 *s/ Thomas W. Phillips* 
UNITED STATES DISTRICT JUDGE