UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MACTEC, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BECHTEL JACOBS COMPANY, LLC, )<br>)<br>Defendant. ) | No. 3:05-CV-340<br>(Phillips) |

## **MEMORANDUM AND ORDER**

This matter is before the court on Bechtel Jacobs' motion to stay enforcement of the judgment while an appeal is taken and during the pendency of that appeal [Doc. 134]. Under Federal Rule of Civil Procedure 62(d), a stay of enforcement pending appeal is a matter of right when an approved supersedeas bond is given. A stay pending appeal without a bond or other security is also a matter of right under Rule 62(e) if the appeal is taken "by direction of any department of the Government of the United States." In addition, a stay pending appeal without posting a supersedeas bond can be granted in the discretion of the district court where the plaintiff's interest in collecting its judgment is adequately protected without a bond and the cost of the bond would be a needless expense. *Arban v. West Publishing Corp.,* 345 F.3d 390, 409 (6th Cir. 2003).

In this case, Bechtel Jacobs states that an appeal of the judgment has been directed by the U.S. Department of Energy (DOE). Additionally, because the judgment, if affirmed on appeal, will be paid by DOE pursuant to Bechtel Jacobs' contract with DOE, there is no risk of non-payment and the cost of a bond is a needless expense.

MACTEC has responded in opposition stating that (1) Bechtel Jacobs has not offered any security that could satisfy MACTEC's nearly $12 million judgment, other than an unsupported promise from a non-party, unauthorized federal government employee of DOE against whom judgment cannot be executed, (2) Bechtel Jacobs itself does not possess sufficient assets to satisfy MACTEC's judgment, (3) Rule 62(e) is inapplicable because Bechtel Jacobs is a commercial party defendant, not an agency of the federal government, and (4) Bechtel Jacobs has not demonstrated "extraordinary circumstances" which necessitate a stay of the judgment without posting a supersedeas bond.

The purpose of a supersedeas bond is to give the plaintiff payment security that the judgment will be paid if the judgment is affirmed on appeal. *Northern Indiana Public Service Co. v. Carbon County Coal Co.,* 799 F.2d 265, 281 (7th Cir. 1986). To obtain a stay without posting a bond, Bechtel Jacobs has the burden of demonstrating that "extraordinary circumstances" exist or that its "ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Hamlin v. Charter Twp. of Flint,* 181 F.R.D. 348, 353 (E.D.Mich. 1998); *Vaughn v. Memphis Health Center, Inc.,* 2006 WL 2038577 (W.D.Tenn. July 20, 2006).

In the instant case, MACTEC's judgment is against Bechtel Jacobs, not the federal government or any of its agencies or officers. Therefore, MACTEC cannot compel the federal government to pay the judgment that MACTEC obtained against Bechtel Jacobs. Moreover, the federal government's sovereign immunity precludes MACTEC from attaching assets held by the federal government. *See Dept of the Army v. Blue Fox,* 525 U.S. 255, 263 (1999) (holding that a subcontractor on a public project could not "seize or attach money in the hands of the Government as compensation for the losses resulting from the default of the prime contractor"). The DOE's contracting officer's declaration to consider paying MACTEC's judgment is not an enforceable, binding obligation to pay and does not provide security to MACTEC that its judgment will ultimately be paid.

Moreover, MACTEC has submitted the deposition testimony from Bechtel Jacobs' property specialist and chief financial officer which reveals that Bechtel Jacobs does not have sufficient assets on hand to satisfy MACTEC's judgment. Bechtel Jacobs owns no real property; its office furnishings are all purchased with DOE funds and are the property of the United States Government; nor does it own any construction equipment, trailers, or tools. The only tangible property that Bechtel Jacobs owns consists of 23 pickup trucks. As of May 1, 2008, its operating account had a balance of $650,766.92.

Bechtel Jacobs reliance on Rule 62(e) is misplaced. Rule 62(e) provides:

**Stay Without bond on an Appeal by the United States, Its Officers, or Its Agencies.** The court must not require a bond, obligation, or other security from the appellant when granting

> a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government.

Fed.R.Civ.P. 62(e). As a condition for Rule 62(e) to apply, "the appeal must be by the United States or an agency thereof." *In re Westwood Plaza Apartments, Ltd.,* 150 B.R. 163, 166 (E.D.Texas 1993). Accordingly, Rule 62(e) does not apply to Bechtel Jacobs because it is not a federal entity.

Bechtel Jacobs has failed to show that "extraordinary circumstances" exist to waive the bond requirement under Rule 62(d). Bechtel Jacobs has not set forth any evidence to demonstrate its ability to satisfy the judgment. Accordingly, Bechtel Jacobs' motion to stay enforcement of the judgment pending appeal without posting a supersedeas bond [Doc. 134] is **DENIED.**

Bechtel Jacobs' motion for expedited consideration of its motion to stay enforcement of judgment pending appeal [Doc. 135] is **DENIED AS MOOT.**

**ENTER:**

    s/ Thomas W. Phillips
    **United States District Judge**